J. A. MAGOON, Administrator of the Estate of CHUN LUNG, deceased, *v.* S. AHMI.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED OCTOBER 30, 1897.     DECIDED DECEMBER 2, 1897.

JUDD, C.J., FREAR, J., AND CIRCUIT JUDGE PERRY, IN PLACE OF WHITING, J., DISQUALIFIED.

The evidence in the case well sustains the decision of the trial court in ordering judgment for plaintiff.

OPINION OF THE COURT BY JUDD, C.J.

This action, being assumpsit, was begun in 1890 and was finally, in March, 1897, submitted to Circuit Judge Carter sitting without a jury. The court found on the evidence that plaintiff was entitled to judgment for $2,109.26 and interest. The decedent Chun Lung, received in January, 1887, the exclusive franchise to sell opium in this country and placed the defendant in charge of the business on the Island of Maui. The suit in question arises upon the accounts between the licensee and defendant. The licensee, Chun Lung, died August 11, 1889. The accounts presented by the respective parties and much of the correspondence between the decedent and defendant are in the Chinese language, but are translated by the official translator. The action was for $8,128.00, being the balance claimed to be due decedent's administrator. The defendant claims that decedent owed him $4,843.24. Much testimony was introduced by both sides. The court found that neither account was correct in all particulars. The main ques-

tion in controversy is as follows: The opium licensee capital-
ized the opium business at $100,000 and let several Chinese
friends into a co-partnership with him in the business. The
defendant claims that he was given by Chun Lung a one-tenth
or a $10,000 interest at the inception of the business, defendant
paying nothing for it. The plaintiff claims that defendant's
interest was only $2,500, and that it was given him some months
after the business was in operation and had proved to be profit-
able. The business continued thirteen months and its net pro-
fits were 110 per cent. Defendant's account admits a balance
in favor of the licensee of $6,156.76, but claims that he should
be credited with the amount of "one-tenth share of the opium
firm, profits amounting to" $11,000, which would bring the
estate of the licensee $4,843.24 in debt to him.

The trial judge placed but little reliance upon the plaintiff's
account, it appearing to be not an original account but made up
from different books and containing some charges which the
evidence proved to be incorrect. The main point of contro-
versy being whether the defendant's interest was $10,000 or
$2,500, the court found as a fact that it was the latter and not
the former sum.

The court then took the amount admit-
ted by defendant to be due the de-
cedent . . . . . . . . . . . . . . . . . . . . . . . .     $6,156 76
and added interest on two amounts,
found from the accounts to be charg-
able to defendant, $202.50 and $375.00     577 50

    $6,734 26
and credited defendant with 13
months' salary at $125 per month..$1,625 00
and 120% profit on defendant's $2,-
500 interest on the business. . . . . . . . 3,000 00   4,625 00

which leaves a balance of. . . . . . . . . .     $2,109 26
due the decedent's estate and ordered judgment for this amount
and interest.

17

In a letter to the plaintiff, dated May 10, 1890, the defendant states that he owed the estate over three thousand dollars, but if his commission of $1,700 (salary probably) be deducted it would leave him owing less than $2,000, and that he would try and settle all the balance within the next two or three months. This and other statements of defendant can hardly be reconciled with the position taken at the trial that he was a creditor of the decedent to the amount of $4,843.24, to say nothing of the extreme improbability that decedent would have presented to defendant, then a stranger to him, one-tenth of the business. On the whole showing, so far from the judgment being without evidence to support it or being against the weight of evidence, we find it abundantly sustained and order the exceptions to be overruled.

*Kinney & Ballou* for plaintiff,

*Thurston & Stanley* for defendant.